IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN HANKINSON

  Plaintiff,

-vs-

CAPITAL MANAGEMENT SERVICES, Inc.,
a foreign corporation,

  Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, KAREN HANKINSON, sues the Defendant, CAPITAL MANAGEMENT SERVICES, L.P., (hereafter, "CAPITAL MANAGEMENT"), and in support thereof respectfully alleges the following:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant CAPITAL MANAGEMENT, in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.,* Florida Statutes (hereafter "FCCPA").

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§ 1331.

3. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

**PARTIES**

4. Plaintiff, KAREN HANKINSON is and was at all material times a natural persons, over the age of eighteen (18), who resides in Saint Petersburg, Pinellas County, Florida.

5. Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number, 727-743-9893, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

6. At all times material hereto, Defendant, CAPITAL MANAGEMENT was and is a foreign corporation engaged in the business of collecting consumer debts within the State of Florida, with its principal place of business located at 726 Exchange Street, Suite 700, Buffalo, NY 14210.

7. At all material times, Defendant CAPITAL MANAGEMENT was in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and was therefore operating as a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

8. At all times material hereto, Defendant CAPITAL MANAGEMENT sought to collect an alleged debt from Plaintiff that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a consumer "debt" as that term is defined by 15 U.S.C. §1692a(5) and Fla. Stat. § 559.55(6).

9. On or about February 22, 2012, Plaintiff filed a Voluntary Petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, in a case styled: In re: Patrick Joseph Hankinson and Karen Ruth Hankinson, Case No. 8:12-bk-02395-KRM, United States Bankruptcy Court, Middle District of

Florida (hereafter the "Subject Bankruptcy Action") (Dkt. 1),[1] wherein Plaintiff sought to discharge certain debts, including but not limited to the Subject Debt.

10. On February 25, 2012, a Certificate of Notice was filed identifying CAPITAL MANAGEMENT as a secured creditor with respect to the same. (Dkt. 9).[2] The Certificate of Notice reflected that Defendant CAPITAL MANAGEMENT was provided notice of certain court-scheduled dates, including the Meeting of Creditors, which was scheduled to take place on March 23, 2012, as well as establishing a May 22, 2012 deadline for creditors to object to the debtor's discharge or to challenge dischargeability of certain debts, and establishing the deadline to Object to Exemptions as thirty (30) days after the conclusion of the Meeting of Creditors. The Certificate of Notice also established that the collection of the Subject Debt would be automatically stayed, and stated as follows, in relevant part:

> Creditors May Not Take Certain Actions:
>
> …. **If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.** Consult a lawyer to determine your rights in this case.

See Certificate of Notice, p. 2 (emphasis added).

11. In addition, the Explanation Section of the Certificate of Notice also stated as follows, in relevant part:

> [p]rohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. **Common examples of prohibited actions include contacting the debtor by telephone**, mail or otherwise to demand repayment; **taking actions to collect money or obtain property from the debtor**; repossessing the debtor's the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to exceed or impose a stay.

---

[1] A copy of the Bankruptcy Petition is attached hereto as Exhibit "A."

[2] A copy of the Certificate of Notice is attached hereto as Exhibit "B."

3

Id. at p. 6. (emphasis added).

12.     On April 3, 2012, Plaintiff filed a Notice of Conversation of Case to Chapter 13 and served the Chapter 7 Trustee with the Notice (Dkt. 18).[3] On that same date, the bankruptcy court issued an Order Converting the Subject Bankruptcy Action to a Chapter 13 bankruptcy.[4]

13.     On April 5, 2012, a Certificate of Notice and Notice of Conversation of Case to Chapter 13 was filed, converting the Subject Bankruptcy to a Chapter 13 bankruptcy, discharging the Chapter 7 trustee and identifying CAPITAL MANAGEMENT as a secured creditor with respect to same. This Certificate of Notice indicated that Defendant CAPITAL MANAGEMENT was provided notice of the court scheduled Meeting of Creditors which was to take place on May 7, 2012. The Notice also provided a deadline of August 6, 2012 to file a proof of claim. The Notice also provided a July 6, 2012 deadline for creditors to object to the debtor's discharge or to challenge dischargeability of certain debts. It also stated that pursuant to 11 U.S.C. § 362(a) and § 1301(a), "[t]he petition and the order for relief act as a stay applicable to all entities, of certain acts and proceedings against the Debtor and the property of the Debtor and from the collection of a consumer debt from certain co−debtors." See 11 U.S.C. § 362(a) and § 1301(a).  (Dkt. 25).[5]

14.     Defendant CAPITAL MANAGEMENT never filed any motion for relief from the stay under 11 U.S.C. § 362, in the Subject Bankruptcy.

15.     On or about April 20, 2013, CAPITAL MANAGEMENT began initiating calls to Plaintiff KAREN HANKINSON's cellular telephone number, 727-743-9893, in an effort to collect the above described alleged debt.

---

[3] A copy of the Notice of Conversion of Case to Chapter 13 is attached hereto as Exhibit "C."

[4] A copy of the Order Converting Case to Chapter 11/12/13 is attached hereto as Exhibit "D."

[5] A copy of the Certificate of Notice and Notice of Conversion are attached hereto as Exhibit "E."

16. Thereafter, Defendant CAPITAL MANAGEMENT continued initiating calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the above described alleged debt.

17. Defendant CAPITAL MANAGEMENT intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, the nature of which would reasonably be expected to harass the Plaintiff KAREN HANKINSON.

18. The telephone calls at issue were placed by CAPITAL MANAGEMENT using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

19. That Defendant CAPITAL MANAGEMENT used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system.

20. Defendant CAPITAL MANAGEMENT initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone numbers without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21. Moreover, upon answering the very first call from Defendant CAPITAL MANAGEMENT, Plaintiff instructed Defendant to stop calling, thereby revoking any consent that Defendant mistakenly believed it had.

22. Additionally, none of the telephone calls at issue were placed by Defendant CAPITAL MANAGEMENT to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

23. During the automatic stay period, Defendant placed approximately forty (40) autodialed calls to Plaintiff's aforementioned cellular telephone number in an effort to collect the alleged debt at issue.

24. Defendant CAPITAL MANAGEMENT consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

25. Defendant CAPITAL MANAGEMENT has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

26. Defendant CAPITAL MANAGEMENT willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

27. Despite actual knowledge of its wrongdoing, Defendant CAPITAL MANAGEMENT continued the campaign of harassment and abuse.

28. Defendant CAPITAL MANAGEMENT's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

29. Defendant CAPITAL MANAGEMENT corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30. Defendant CAPITAL MANAGEMENT followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

31. Defendant CAPITAL MANAGEMENT has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

32. Defendant CAPITAL MANAGEMENT has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

33. As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

34. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, and 15 U.S.C. §1692, have continued and are continuing as of the filing of this complaint.

35. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## VIOLATION OF THE TCPA AGAINST CAPITAL MANAGEMENT

36. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

37. None of the calls at issue were placed by Defendant CAPITAL MANAGEMENT to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

38. Moreover, Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to the being served with notice of the bankruptcy court's entry of the automatic stay, and after Plaintiff verbally instructed Defendant's representatives to stop calling, thereby revoking any "prior express consent" the Defendant mistakenly believed it had.

39. Additionally, none of the calls at issue were placed by Defendant CAPITAL MANAGEMENT to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

40. Defendant CAPITAL MANAGEMENT willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after being provided with written notice that its efforts to collect the Subject Debt were prohibited by law, and after being verbally instructed by the Plaintiff to stop calling.

41. The TCPA provides Plaintiff with a private right of action against Defendant CAPITAL MANAGEMENT for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff KAREN HANKINSON respectfully demands judgment against Defendant CAPITAL MANAGEMENT for statutory damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II - VIOLATION OF THE FDCPA

42. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs (1) through (35), as if fully set forth herein.

43. Plaintiff has been the object of collection activity by Defendant CAPITAL MANAGEMENT arising from an alleged consumer debt.

44. Defendant is a "debt collector" as defined by the FDCPA.

45. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

46. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's cellular telephone number to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

47. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

48. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

49. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

50. Defendant CAPITAL MANAGEMENT's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

WHEREFORE, Plaintiff KAREN HANKINSON respectfully demands judgment against Defendant CAPITAL MANAGEMENT for statutory damages, actual damages, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA AGAINST CAPITAL MANAGEMENT

51. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (35), as if fully set forth herein.

52. At all times material to this action Defendant CAPITAL MANAGEMENT was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

53. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

54. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

55. Defendant CAPITAL MANAGEMENT engaged in an act or omission prohibited

under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

56.　The actions of Defendant CAPITAL MANAGEMENT have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff KAREN HANKINSON respectfully demands judgment against Defendant CAPITAL MANAGEMENT for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Michelle@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff